UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANTILLY JOACHIM, *on behalf of all my biological children*,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

19-CV-6803 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking to declare her and her eleven biological children's "living status." By order dated July 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff uses the Court's complaint form to declare her living "status as a creation of [her] Creator (God) who endowed [her] with rights." ECF No. 2. She believes that Defendant, the United States of America, and other governments "do not have the authority to take away or diminish a single one of [her] rights." *Id.* Plaintiff claims that she is "not obliged or obligated to contract with any government bureaucrat or agent because [she is] standing on [her] rights and the State cannot require [her] to give a right for privileges." *Id.* And because "[t]he State has no authority to convert a mere right into a mere privilege . . . [t]he State also does not possess the authority to define [her] right for [her]" – she "will not let them." *Id.* Moreover, "[t]he Second Amendment didn't give [Plaintiff] any rights [she] didn't already have endowed upon [her] by [her] Creator. God." *Id.*

Plaintiff does not request any specific remedy, but submits the complaint to declare her rights and to "let[ ] Politicians, Congress, Senators, Governors, and [the] President know that [she] will not be mistreated and abused any longer" and that she is her "governments [sic] MASTER." *Id.* For reasons unclear, Plaintiff mentions that she is "not Negro, Black, or Colored and none of [her] children are Negro, Black, or Colored." *Id.*

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 7, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge